UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Lawrence E. Townsend
    Plaintiff,

v.

Jonh Armstrong
    Defendant.

NO. 3:02 cv-1763 (JHA)
Prisoner

FILED
NOV 19 1 52 PM '03
U.S DISTRICT COURT
NEW HAVEN, CONN

November 17, 2003

## MOTION TO RE-OPEN JUDGMENT
### OR
### RULING ORDER

Petitioner moves pursuant to Federal Rules of Civil Procedure Rule 60 (a) (b) 3 & 6.

Petitioner contends that on July 22 2003, the court dismissed the petitioners' complaint stating that the petitioner had failed to file a level 2 grievance appealing the denial of his level 1 grievance and therefore the petitioner did fail to exhauste his available administrative remedies and thus the complaint was dismissed.

Petitioner further contends that the court erred by not dismissing the complaint without prejudice petitioner maintains that where an offer or admission is made "without prejudice or a motion is denied or a suit dismissed without prejudice it is meant as a declaraion that nor rights or privileges of the party concerned are to be considered as thereby waived or lost except in sofar as may be expressely conceded or decided. see. Genet v.Delaware & H. Canal Co., 170 N.Y. 278.

Petitioner contends that the court erred by not dismissing the complaint without prejudice which is (b) (1) of Rule 60 mistake inadvertence surprise or excusable neglect.

Petitioner offered in support of relief from judgment or Order the enclosed administrative Directive 9.6 sec. #16 which states the request that was submitted, the level 1 grievance and the appeal of the level 1, the level #2 appeal denial, thus the exhaustion require has been again satisfied.

FOR THE REASONS stated aboce the petitioner request that he be granted relief from judgment ,Ruling order Doc. #6-1.

The plaintiff noted that the district court was silent as to whether it dismissed his suit without prejudice toa possible post-exhaustion refiling. Dismissals pursuant to the PLRA for reason of exhuastion should be issued without prejudice. See. Morales v Mackalm, 278 F.3d 126, 131 (2d Cir. 2002) (per curiam). The court affirmed the court's judgment on the express understanding that the dismissal was without prejudice.

Respectfully submitted

*James E. [signature]*

## CERTIFICATION

I hereby certify that a copy of the Motion for relief from judgment or Ruling Order was mailed this 17th day of November 2003 TO:

Peregrine Alban Zinn-Rowthorn
Attorney General's office
110 Sherman Street
Hartford, Connecticut 06105

BY: *[signature]*
Lawrence E. Townsend
f/k/a Munsur Khalif Abdullah

## MOTION OF COMMON SENSE

| | | |
|---|---|---|
| TOWNSEND<br>V.<br>ARMSTRONG | UNITED STATES DISTRICT COURT<br>DISTRICT OF CONNECTICUT | No. 3:02cv1763<br>November 17, 2003 |

The petitioner would ask that the court take notice of it pettyness when it come to the complaints by pro-se litigants. In the Ruling and Order [Doc.# 6] July 22, 2003

Janet Bond Arterton, U.S.D.J goes out of her way to grant the defendant's motion not concerned with the constitution not concerned with the constitutional violation but concerned with the exhaustion process. It is common legal sense that if the petitioner filed a writ of habeas corpus on the same issue the administration had to be aware of the violation.

The judge then goes on on page 3 of her diatribe Although most courts within the second circuit considering this issue agree that unless failure to exhaust is unambiguously case removed from state court tofederal court. The statute clearly states that inmates must exhaust all available administrative remedies before filing suit.

The case was filed in state court, in her ruling and order on page #2 Townsend filed inmate requests and level 1 grievances regarding this issue. He did not receive a response to the level 1 grievances. In sept. 2000, Townsend filed petition for writ of habeas corpus in state court on this issue,which the respondent moved to dismiss onthe ground that the action was more appropriately a civil rights action this should have been enough to let the court know that the Warden is the respondent of a writ of habeas corpus and the only reason for exhaustion is to make the authorities aware of the action the problem so that they can fix the problem not just a meaningless round of exhaustion of administrative remedies un the PLRA wake-up.

In view of the court attitude it is no wonder that there is no justice in this country for the poor people and why this country is hated all over the world it is clear that they hate poor people and those who stand up for their rights.

Respectfully submitted

*[signature]*

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

Inmate name: Townsend Laurence  Inmate no. 26467
Facility: CCI Cheshire  Housing unit: 5/B 2-34  Date: 08/14/03

[X] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

   That the legal services provided to female inmates are more comprehensive than the services provided to male inmates, thus violating the Equal Protection Clause of the Fourteenth Amendment

   See attached —

3. **Action requested.** Describe what action you want taken to remedy the grievance.

   Remedy the problem and pay to plaintiff compensation in the amount of $15,000.00

Inmate signature: Laurence L Townsend

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

IGP no. 175-04-060   T no.
Date received: 8/21/03   Disposition: DENIED   Date of disposition: 9/2/03
Grievance issue: LEGAL ACCESS

Reasons: I did not receive a reply from Request Form CN-9602. You currently receive adequate legal access through the resource center and ILAP. We are currently in compliance with all policies and regulations mandated by the Dept. of Corrections.

Level-1 reviewer: James [signed] Warden

I received on 09/10/03

*Received the Denial on 9/10/03*

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

Inmate name: Townsend Laurence
Inmate no.: 26467
Facility: CCI Cheshire
Housing unit: S/B 6-20
Date: 09/10/03

☒ Line grievance ☐ Line emergency ☐ Health grievance ☐ Health emergency

IGP no.: 125-04-060    T. no.:

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because *It is not relative to the grievance and the relief requested. The violation of the Equal Protection Clause of the 14th Amendment,*

Inmate signature: Laurence E. Townsend
Date: 09/10/03

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

Date received: 10/02/03
Disposition: Denied
Date of disposition: 10/06/03

Reasons: You are appealing a Level 1 grievance denial concerning legal access. In compliance with all departmental procedures enumerated in the Administrative Directives, you are afforded access to the Law Library Resource Center as well as Legal Assistance to Prisoners. This access is deemed adequate, therefore, your appeal is denied.

Level-2 reviewer: M. [signature]

☐ This grievance may be appealed within 5 days to Level 3
☒ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

Inmate signature:    Date:

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

Date received:    Disposition:    Date of disposition:

Reasons:

Level-3 reviewer:

10-02-03P01:26 RCVD

## STATEMLENT OF THE CASE

The Appellant contends that on January 28th 2002 filed a civil rights complaint under §1983, contending that the Department of Corrections (D.O.C.) violated the Equal protection Clause of the Fourteenth Amendment of the U.S. Const. by providing male inmates less legal assistance that female inmates maintaining that this deprivation of his constitutional rights are in addition to those rights of which his sentence may constitutionally deprive him and that th is gives rise to the legality of his confinement and also gives riase to this present law suit.

The Appellant maintains that the Equal ProtectionClasue of the Fourteenth Amendment of the United States Con stitution has been violated...

In support of said com plaint Appellant contends that he cited <u>City of Cleburn tex v. Cleburn living Center ( Cleburne) 473, 439 (1985), Plyer V. Doe,457</u> U.S. 202, 216, <u>reh'g</u> denied, 458 U.S. 1131 (1982).

The Appellant further in support of his petition cited the <u>Consent Judgment West v. Manson</u> et al Civ. Act No H-83-366 ( AHH) (D.Conn. 1988) (pls' ex.234)

On the 15th of February 2002,petitioner filed a Motion for Appointment of counsel.

On the 28th of Feb. Motion for appointment of counsel was denied.

On the 8th of March petitioner filed Motion of Explanation of Ruling and Order.