UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Townsend                              :
                                      :
v.                                    :   No.  3:02cv1763 (JBA)
                                      :   Prisoner
Armstrong                             :

**Ruling on Motion for Reconsideration [Doc. # 15] and Motion ro Re-Open Judgment [Doc. # 18]**

Lawrence Townsend, a pro se petitioner currently confined at the Cheshire Correctional Institutional, seeks reconsideration of this Court's July 21, 2003 ruling denying his §1983 claim for failure to exhaust administrative remedies. Townsend's suit alleges that the legal services provided to female inmates are more comprehensive than the services provided to male inmates, violating his rights under the Equal Protection Clause of the Fourteenth Amendment. Townsend argues on reconsideration that he did in fact exhaust his administrative remedies as to this claim, and that the exhaustion requirement may be excused. In his motion filed on November 19, 2003, Townsend also has presented new evidence of exhaustion.

At the time Townsend commenced this suit, he had not exhausted his administrative remedies. As the Court's July 23, ruling notes, Townsend filed a Level 1 grievance with the Connecticut Department of Correction, but failed to pursue an

1

administrative appeal. Instead, as Townsend states, he filed a state lawsuit. See Affidavit of Lawrence Townsend, June 7, 2003 [Doc. # 12] ("After filing Inmate request Form (CN 9602) also after not receiving any response, Affiant, in September of 2000 filed a writ of habeas corpus on the same issue . . . .").[1] Townsend's claim that he never received a response to his grievance did not excuse the exhaustion requirement because the administrative Directive allows inmates to file an appeal if they do not receive a timely response to their initial grievance. Cf. Rivera v. Goord, 253 F.Supp.2d 735, 752 (S.D.N.Y. 2003). Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), exhaustion is mandatory, and as long as administrative remedies are available, courts are not at liberty to excuse the failure to exhaust. As the Supreme Court explained in Porter v. Nussle, 534 U.S. 516, 523-524 (2002), "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' Even when the prisoner seeks

---

[1] Although Townsend appears to imply in his reconsideration motion that he did file an administrative appeal prior to filing suit, see Motion [Doc. # 15] at 1 ("The cout is confused and the to level 1 grievance regarding this issue. the facts are that the petitioner filed both type of appeal.")(all as in original), he has not attached a copy of such appeal to his motion, and he had previously averred that he filed a state lawsuit rather than an administrative appeal after receiving no response to his Level 1 grievance.

2

relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."

Townsend has submitted new evidence demonstrating that he exhausted his administrative remedies subsequent to bringing this suit. In his November 19, 2003 submission, Townsend attached a Level 1 Inmate Grievance Form dated August 14, 2003, which expressed his complaint about the legal services male inmates received as compared to female inmates. This grievance was denied by the Level 1 reviewer on September 2, 2003. See [Doc. # 18]. Also attached is a Level 2 Inmate Grievance Form dated September 10, 2003, which was denied by the Level 2 reviewer on October 6, 2003. See id. The Level 2 reviewer stated that the grievance "may not be appealed to Level 3," thus exhausting Townsend's administrative appeal.

While not explicit, this Court's earlier dismissal of Townsend's complaint was without prejudice to renew upon exhaustion of his administrative remedies, as those remedies remained available to him. See Berry v. Kerik, 345 F.3d 126 (2d Cir. 2003); Giano v. Goord, 250 F.3d 146, 151 (2d Cir. 2001). Because Townsend has now exhausted his administrative remedies, he is permitted to bring a new suit. Nonetheless, because exhaustion of administrative remedies is required prior to bringing suit, and Townsend's present action in this Court had commenced before he exhausted his administrative remedies,

3

Townsend's motions for reconsideration and to reopen judgment [Docs. ## 15, 18] are hereby DENIED.

> IT IS SO ORDERED.
>
> _____
> Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 31st day of March, 2004.